WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Fernando Arnulfo Trejo,

             Petitioner,

v.

Charles L. Ryan, et al.,

             Respondents.

No. CV-13-00150-TUC-EJM

**ORDER**

Pending before the Court is Petitioner's Motion for Permission to Amend and/or Supplement Habeas Petition. (Doc. 36). The motion has been fully briefed, and Respondents oppose amendment. For the reasons set forth below, the motion is denied.

## I.   BACKGROUND

Petitioner filed his Petition for Writ of Habeas Corpus on March 11, 2013. (Doc. 1). Respondents filed an Answer on August 26, 2013 (Doc. 17) and an Amended Answer on September 25, 2013 (Doc. 26). Petitioner filed his Reply to the Response on October 24, 2013. (Doc. 27). Accordingly, the habeas petition has been fully briefed since October 24, 2013.

Petitioner filed his Motion for Permission to Amend and/or Supplement on May 13, 2015 (Doc. 36), over two years since filing his original habeas petition. In his Motion to Amend/Correct, Petitioner requests permission to amend and/or supplement his habeas petition with additional grounds for relief that he contends relate back to the original

petition because the amendments would be ineffective assistance of counsel claims. Petitioner does not elaborate on what the new claims would be.

LRCiv 15.1 of the Rules of Practice of the U.S. District Court for the District of Arizona requires that the party seeking leave to amend a pleading "must attach a copy of the proposed amended pleading as an exhibit to the motion, which shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1(a). Additionally, the moving party must also "lodge with the Clerk of Court an original of the proposed amended pleading." LRCiv 15.1(b). Petitioner did not provide a copy of the proposed amended pleading nor did he lodge a copy of the same as required. Rather, Petitioner asks the Court to suspend the Local Rules and waive these requirements.

## II.   ANALYSIS

### A. Standard for Amendment

A petition for habeas corpus may be amended pursuant to the Federal Rules of Civil Procedure. 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (providing that the Federal Rules of Civil Procedure may be applied to habeas petitions to the extent they are not inconsistent with the habeas rules). The Court looks to Rule 15 of the Federal Rules of Civil Procedure to address a party's motion to amend a pleading in a habeas corpus action. *See James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001).

Under Rule 15(a), leave to amend shall be freely given "when justice so requires." Fed.R.Civ.P. 15(a). Courts must review motions to amend in light of the strong policy permitting amendment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986). Factors that may justify denying a motion to amend are undue delay, bad faith or dilatory motive, futility of amendment, undue prejudice to the opposing party, and whether the petitioner has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Leave to amend may be denied based upon futility alone. *See Bonin*, 59 F.3d at

845. To assess futility, a court necessarily evaluates whether relief may be available on the merits of the proposed claim. *See Caswell v. Calderon*, 363 F.3d 832, 837–39 (9th Cir. 2004) (conducting a two-part futility analysis reviewing both exhaustion of state court remedies and the merits of the proposed claim). If the proposed claims are untimely, unexhausted, or otherwise fail as a matter of law, amendment should be denied as futile.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d); *see Pliler v. Ford*, 542 U.S. 225, 230 (2004). Respondents contend that any amended claims would be untimely unless they related back to claims in the original petition; however, because Petitioner does not specify what his additional claims would be, it is impossible to tell whether the new claims would relate back or not. Respondents further note that new claims may only relate back to properly exhausted claims, and contend that some of the claims in the original petition are not properly exhausted. Petitioner argues that his new claims would relate back to his original habeas petition, and alternatively argues that equitable tolling should apply because either extraordinary circumstances prevented him from pursuing his claims sooner, or because he is actually innocent.

**B. Equitable tolling**

The one-year limitations period established by § 2244(d)(1) may be equitably tolled in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). "Indeed, the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

Accordingly, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Both criteria must be satisfied, and a petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

"[E]quitable tolling is available for this reason only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness." *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted); *see Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The Ninth Circuit has clarified that "the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" *Waldron-Ramsey*, 556 F.3d at 1011 (*quoting Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)); *see Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013). In *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005), the Ninth Circuit observed that "[e]ach of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."

Petitioner argues "that he has been diligent in pursuing his rights," but that extraordinary circumstances stood in his way. (Doc. 36 at 5). Those circumstances, however, were not an "external force," "beyond [Petitioner's] control," or the result of any "wrongful conduct." Instead, they resulted from Petitioner's own strategic decisions. Petitioner contends that he "has never had adequate time . . . to review, or conduct research, in order to fully develop his claims" because he did not have access to complete copies of his transcripts during his state criminal proceedings. (Doc. 36 at 3). However,

Petitioner has had access to numerous materials prior to initiating federal habeas proceedings. Petitioner states that he received a complete copy of his third trial transcript and a copy of the record on direct appeal on July 11, 2012, that in August 2011 he received a copy of his Rule 32 counsel's file (which included partial transcripts from the trials), and that his family received a copy of his trial counsel's file, which they then sent to the Arizona Innocence Project.[1] (Doc. 36 at 3). Petitioner does not explain how receipt of the above documents prior to filing his original habeas petition on March 11, 2013 affected his ability to diligently pursue his claims or timely file all claims in his original habeas petition.[2] Petitioner also does not explain why he waited over two years from the date of filing his original habeas petition to file the present motion to amend, nor does Petitioner explain why he would now, if leave to amend were granted, have adequate time to research and fully develop his claims. This sequence of events does not support a finding of diligence.[3]

Based on the circumstances outlined above, Petitioner has not met his burden of showing that he is entitled to equitable tolling. Petitioner had shown neither diligence in pursuing the ineffective assistance claims, nor demonstrated that some extraordinary circumstance, let alone wrongful conduct by state officials, stood in his way and prevented timely filing.

---

[1] Petitioner contends that his family could not afford to provide him with a copy of his trial counsel's file and that he was informed by his Rule 32 counsel that it was the original file and thus there would be no way to replace the file if it were lost or destroyed at the prison. (Doc. 36 at 3). Petitioner also states that he believes it would prejudice him to retrieve the file from the Innocence Project while they are reviewing and investigating his case. (Doc. 38 at 6). However, it was Petitioner's choice to have the file sent to his family and then to the Innocence Project and not to himself to review.

[2] The Court also notes that Respondents filed hundreds of pages of documents from the state court proceedings with their answer in August 2013, and thus Petitioner has had ample time to review those documents. If Petitioner believed those documents revealed additional habeas claims, he could have requested amendment far earlier than May 2015 when he filed the present motion.

[3] Petitioner also alleges that he diligently pursued his rights in his state court proceedings, that all of the state petitions were timely filed, and that any claim not raised at the state level was counsel's fault. (Doc. 38 at 4). However, this is inapposite to the issue at hand, which is whether some extraordinary event prevented Petitioner from timely filing his federal habeas claims.

## C. Actual Innocence

Petitioner contends that even if the Court does not find that equitable tolling applies here due to extraordinary circumstances, AEDPA's statute of limitations should still be tolled because he has made a claim of actual innocence.

"Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). "However, if a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Id*. Further, "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare," and "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 324. A habeas petitioner must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id*. at 327 (*quoting Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To meet this standard, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*.

Here, Petitioner has failed to make the required showing in his motion to amend. While Petitioner contends that he is actually innocent, he does not identify any new reliable evidence in his motion that was not presented at trial and that would show that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. As noted above, Petitioner does not even hint at what his additional grounds for relief are other than to state that they are claims of ineffective assistance of counsel. Such a vague statement, without more, cannot support a credible

claim of actual innocence so as to justify equitable tolling of AEDPA's time bar or to otherwise avoid the effects of Petitioner's delay in seeking to add new claims.

**D.  Relation Back**

Petitioner contends that his new ineffective assistance claims "relate back" to the grounds raised in his habeas petition. (Doc. 36 at 2). As noted above, Rule 15 of the Federal Rules of Civil Procedure governs amendments to habeas petitions, thereby permitting otherwise untimely amendments to "relate back" to the date of the timely-filed original pleading, provided the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2); *see Mayle v. Felix*, 545 U.S. 644, 649 (2005).

In the habeas context, the original pleading to which Rule 15 refers is governed by the "more demanding" pleading standard of Habeas Corpus Rule 2(c), which provides that a petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *Mayle*, 545 U.S. at 655. In addition, the "relation back" provision is to be strictly construed in light of "Congress' decision to expedite collateral attacks by placing stringent time restrictions on [them]." *Mayle*, 545 U.S. at 657; *see United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005).

"An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650. A late-filed claim in an amended federal habeas petition relates back under Rule 15(c) if the timely claim and the late-filed claim "are tied to a common core of operative facts." *Id*. at 664; *see Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) (explaining that "a new claim in an amended petition relates back to avoid a limitations bar, when the limitations period has run in the meantime, only when it arises from the same core of operative facts as a claim contained in the original petition"). If a new claim merely clarifies or amplifies a claim or theory already in the original petition, the new claim may relate back to the date of the original petition and avoid a time bar. *Woodward*

v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001). Finally, "Mayle requires a comparison of a petitioner's new claims to the properly exhausted claims left pending in federal court, not to any earlier version of the complaint containing claims subsequently dismissed for failure to exhaust." King v. Ryan, 564 F.3d 1133, 1142–43 (9th Cir. 2009).

The question, therefore, is whether Petitioner's new claims relate back to the properly exhausted claims in his original habeas petition. Id. However, because Petitioner does not actually specify what his new claims are, nor does he provide the Court with a copy of his proposed amended petition pursuant to LRCiv 15.1(a), it is impossible for the Court to determine whether Petitioner's proposed amended claims relate back to the original claims or not. From the face of Petitioner's motion and reply, it does not appear that Petitioner has actually determined what his new claims are; rather, he states that he "intends to raise additional grounds for relief and supporting facts" and that "they are claims of ineffective assistance of counsel," but does not elaborate further. (Doc. 36 at 2). Without more, the Court cannot properly determine that Petitioner's additional claims would relate back to the claims already presented in the habeas petition. Accordingly, the relation back doctrine does not apply here.[4]

**E.   Undue Delay and Prejudice**

Finally, even if the Court were to find equitable tolling or the relation back doctrine applicable to Petitioner's new claims, amendment would not be appropriate in the circumstances of this case. "Courts have been justifiably unwilling to permit amendment to assert new claims that were readily apparent and available when the petition was initially filed." Id.; cf. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original

---

[4] The Court further notes that granting Petitioner's request for amendment where Petitioner has made no attempt to specify what his new claims would be or to explain how the new claims would relate back to the original petition, apart from being ineffective assistance of counsel claims, would also contravene the principle that the relation back doctrine is to be strictly construed in light of "Congress' decision to expedite collateral attacks by placing stringent time restrictions on [them]." Mayle, 545 U.S. at 657.

pleading."). Here, Petitioner does not explain why the claims he proposes to add were not apparent at the time of filing his original petition in March 2013. Further, because Petitioner does not specify what the new claims are, the Court is unable to ascertain whether the claims were readily apparent and available when the petition was initially filed. As noted above, Petitioner has been in possession of his complete third trial transcript and a copy of the record on direct appeal since 2012, a copy of Rule 32 counsel's file since 2011, and all of the documents submitted by respondents in this case since August 2013. Thus, it is unclear what, if any, information Petitioner would have only recently obtained that would have given rise to new claims that were not readily apparent before.

In addition, the Supreme Court has emphasized that "[b]oth the State and the victims of crime have an important interest in the timely enforcement of a sentence," and that states have a "strong interest in enforcing [their] criminal judgments without undue interference from the federal courts." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). Taking these considerations into account, and given all of the circumstances discussed above, amendment at this point in the litigation is not appropriate.

## III.   CONCLUSION

For the reasons set forth above, amendment is futile. Petitioner has failed to provide the Court with a copy of his proposed amended pleading pursuant to LRCiv 15.1(a), and does not describe what his proposed new claims actually are. Petitioner has been in possession of numerous documents related to this case for several years, and does not explain why the new claims could not have been included when his habeas petition was originally filed, or why he waited over two years from the filing date to request amendment. Given these circumstances, the Court cannot apply either equitable tolling or the relation-back doctrine to make the new claims timely when it is not even apparent what the new claims are. Indeed, it does not appear that Petitioner has formulated any new claims at all, but rather seeks the Court's permission to file an amended petition at some future time if he determines that there are any additional claims he wishes to

present. Accordingly,

**IT IS HEREBY ORDERED** Petitioner's Motion for Permission to Amend and/or Supplement (Doc. 36) is denied.

Dated this 17th day of March, 2016.

Eric J. Markovich
United States Magistrate Judge